ROBERT P. SIMS, Respondent, v. CURTIS FIELD, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE—PLEADING—AMENDMENTS—SUBSTITUTION OF ONE PETITION FOR ANOTHER—CASE ADJUDGED.—Where the *original* petition

was based upon the wrongful removal by defendant of a division fence, made such by the statute, without the statutory notice of the defendant's intention to remove the same ; and an *amended* petition was filed, based upon the wrongful removal by defendant of a division fence, *not under the statutes,* but existing by the permission and consent of the defendant, without reasonable notice of his intention to remove the same, the wrong complained of was not a wrong under the statutes, but because of being in violation of the license granted to the plaintiff by the defendant, and the amended petition was, in fact, founded on this claim. *Held,* that the proof required by one is entirely different from that required by the other, and the *amended* petition cannot be held to be *an amendment* of the original petition, but is a *substitute* for said petition ; but as the defendant failed to move to have the amended petition struck out for that reason, as he might have done, he *waived* his right to have the amended petition stricken out.

2. —— Effect of Amendment Setting up new Matter, as to Statute of Limitations.—Where the amendment sets up no *new* matter or claim, but is a mere variation of the allegations affecting a demand already in issue, the amendment relates to the commencement of the suit, and the running of the statute of limitations is *arrested at that point.* But where the amendment introduces a *new claim,* not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action—the running of the statute *continuing* down to the time the amendment is filed.

*On Motion for Re-hearing.*

3. —— Pleading—Petition and Amendment Consistent.—In case the *original* petition is merely an inartistic and imperfect statement of the cause of action, and the *amendment* is in correction of it, but both are based upon the same statutory grounds, the amendment is not a *new claim,* nor is there a change in the cause of action.

Appeal from Audrain Circuit Court, Hon. Elijah Robinson, Judge.

*Reversed.*

Statement of case by the court.

This case has been twice before the Supreme Court. 66 Mo. 111 ; 74 Mo. 139.

The original petition was as follows :

"Plaintiff states that plaintiff was, on the ——

day of March, 1873, the owner of and in possession of a farm situated in the county of Audrain, and described as the east half of the southeast quarter of section 14, and the west half of the southwest quarter of section 13, all in township 52, range 11, and that the defendants were the owners of, and in possession of, a farm adjoining plaintiff's said farm, and that plaintiff and defendant owned a division fence enclosing their farms and separating them from each other; that one-half of said division fence was owned by plaintiff and one-half by defendant; plaintiff states that, on the —— day of March, 1873, defendant, without the consent of plaintiff, and without first giving plaintiff six months' notice of his intention to remove said division fence, did remove and break five hundred and fifty yards of said division fence contrary to the form of the statute in such cases made and provided, by means of which plaintiff's farm was exposed and turned out, and about two hundred head of cattle, mules and horses got into plaintiff's premises and fields and tramped and injured plaintiff's lands and fields; broke down and destroyed thirty apple trees then standing and growing on plaintiff's lands to the damage of plaintiff in the sum of five hundred dollars, for which he asks judgment."

The trial of this case was had upon an amended petition, filed June 6, 1882, which was as follows:

"Plaintiff, for his amended petition herein, states that plaintiff was, on the —— day of March, 1873, the owner of, and in possession of, a farm situated in Audrain county, Missouri, and described as follows, to-wit: The east half of the southeast quarter of section fourteen (14), and the west half of the southwest quarter of section (13), all in township fifty-two (52), range eleven (11), west. That defendant at said time was the owner and in possession of a farm adjacent to and abutting upon the said lands of the plaintiff. That the said lands of plaintiff and the said farm of the de-

fendant were separated and divided each from the other by a partition or division fence.

"That said fence was at or near the boundary line between the two said farms, and had been there built and maintained for many years prior to the acts herein-after complained of, by agreement between the prior owners of said farms, as a division fence, and was so recognized and maintained by the grantor of plaintiff,. and the grantor of defendant, the prior owners of said farms; that on said day the defendant unlawfully and without any sufficient notice thereof to the plaintiff, and without any notice at all to plaintiff, did break, tear down and remove five hundred and fifty yards of said fence, without the consent and against the objections of the plaintiff, without any lawful authority so to do. That the defendant well knew at the time that the breaking and the removal of said fence would disenclose the said land of plaintiff, and leave the same open and exposed to ingress of stock of all kinds from the commons, and well knew that plaintiff's said lands were peculiarly susceptible to damages from stock which would trespass thereon.

"That the defendant well knew that the plaintiff could not replace said fence in time to protect his said lands from the ingress of stock from the commons, or open lands adjoining.

"That by reason of said unlawful act of the defendant in so removing said fence without giving any notice of his intention so to do to the plaintiff, two hundred head of cattle, horses and mules, strayed into and upon the lands of the plaintiff through the openings made and left by the removal of said fence, and tramped and injured said lands and broke down and destroyed thirty apple trees standing and growing on plaintiff's said lands to the damage of the plaintiff in the sum of five hundred dollars.

"Wherefore plaintiff prays judgment in the sum of five hundred dollars and costs."

The answer specially pleaded the statute of limitations as a bar to the cause of action set out in the amended petition. The answer alleged "that the cause of action mentioned in plaintiff's amended petition did not accrue within five years before the commencement of the action by said amended petition."

The court refused to give the following instruction asked by the defendant:

"1. The court instructs the jury that if they shall believe from the evidence in this cause that the acts charged to be done by the defendant, and from which the injury and damages resulted to plaintiff as alleged were done in March or April, 1873, and the amended petition herein, and upon which this cause is tried, was filed on the ——— day of ———, 1882, then the verdict must be for the defendant, the statute of limitation being a bar to any recovery therefor by the plaintiff."

And the court gave for the plaintiff, among others, the following instruction:

"2. The court instructs the jury that the statute of limitations as set up in the answer constitutes no defence to this action, as this suit was commenced in less than five years after the commission of the acts complained of."

The foregoing statement is sufficient for this report.

DANIEL H. McINTYRE, for the appellant.

I. (a) The demurrer to the evidence should have been sustained. Plaintiff's petition puts the right to recover on the grounds that the fence in question was a division fence under the statute, but the testimony of the plaintiff himself, as well as that of his witness, Allen Leeper, shows that it was not such cross fence. It was not *on the line* of the lands in question. Wag. Stat., sect. 1, p. 633; Wag. Stat., sect. 7, p. 707; *Jeffries v. Burgin*, 57 Mo. 327; *Sims v. Field*, 74 Mo. 139. He could only recover on the case made by his pleading.

*Moffatt v. Conklin et al.*, 35 Mo. 453; *Ely v. Railroad,* 77 Mo. 34; *Glass v. Gelvin,* 80 Mo. 297; *Mitchell v. Railroad,* 82 Mo. 106; *Plummer v. Trost,* 81 Mo. 425; *Groll v. Tower,* 85 Mo. 249. (*b*) If Leeper did obtain assent from Vanhorn and Evans, it was after the deed of trust to Ferguson in 1867, and was not binding on a purchaser at the trustee's sale, and any license thus existing was revoked by the sale in 1872. *Sims v. Field,* 66 Mo. 111; *Houx v. Seat,* 26 Mo. 178.

II. The court erred in giving the *plaintiff's first* instruction. No issue was made by the pleadings as to an *agreement* with reference to the fence in question. The *issues* could not be enlarged in this way. *Glass v. Gelvin, supra; Hornblower v. Crandall,* 7 Mo. App. 220; *Camp v. Heelan,* 43 Mo. 591; *Benson v. Railroad,* 78 Mo. 504; *Mossman v. Bender,* 80 Mo. 579. There was no relevant and material testimony in the case to base such an instruction upon. *State v. Gerber,* 80 Mo. 579. The *third* instruction was a comment on the evidence.

III. The finding of the jury was contrary to the *direction* of the court, *given of its own motion,* and should have been set aside. Rev. Stat., sect. 3704. The verdict was against the *evidence* in the case, and hence a new trial should have been granted. Injustice was done by the verdict. *Lockwood v. Ins. Co.,* 47 Mo. 50; *Reed v. Ins. Co.,* 58 Mo. 421.

IV. The amended petition was filed June 6, 1882, and was a substantial change of the plaintiff's claim, and of the defence also, and as the acts complained of were alleged to have been committed in 1873, the statute of limitation was a bar to this action and the instruction asked by the plaintiff on this point should have been refused, and the corresponding instruction asked by the defendant should have been given, and hence the court erred. Under the original petition to recover, the plaintiff must show a division fence, such as is provided for by the statute, and removal thereof by the defendant without the notice required by the statute; under the

amended petition the plaintiff to recover, must show a fence used as a connecting fence, existing by license, that is, by the permission and consent of this defendant, and removal by the defendant to the damage of the plaintiff without reasonable notice. The amended petition was, therefore, a new cause of action and barred by the statute. Rev. Stat., 1879, sect. 3567; *Butcher v. Death et al.*, 15 Mo. 271, 275; *Kerr v. Bell*, 44 Mo. 120, 124; *Irvin v. Chiles*, 28 Mo. 576.

McFARLANE & TRIMBLE, for the respondent.

I. Appellant's first point is not well taken. (1) Plaintiff does not place his right to recover upon the ground that the fence was a partition fence, under the statute, but upon the ground that the fences in controversy separated the enclosures of plaintiff and defendant. (2) Defendant did not stand on the demurrer to the evidence, but introduced evidence on the theory upon which the case was tried, viz: that defendant consented to and ratified the arrangement previously made by prior owners of the land in reference to the use of the fences, and asked for and obtained from the court instructions on that theory. *Davis v. Brown*, 67 Mo. 314.

II. The *third* instruction given for plaintiff was proper. *Paulette v. Brown*, 40 Mo. 52.

III. There was abundant evidence to support the verdict. It was not only authorized by the evidence, but could not have been otherwise than for plaintiff.

IV. The amended petition did not change the cause of action. The cause of action was the same, to-wit: Breaking the division fence without notice and thereby letting stock into plaintiff's fields. The original petition alleged six months' notice necessary. The court held the petition faulty in that regard. The cause of action in the original petition was defectively stated and could be amended. *Buell v. Transfer Co.*, 45 Mo. 562; *Lattman v. Barnett*, 62 Mo. 170; *Moody v. Railroad*,

68 Mo. 471; Bliss on Pleading, sect. 429; *Silver v. Railroad*, 21 Mo. App. 5.

V. Considering the whole case the verdict and judgment were manifestly just. Three juries of the county have found that plaintiff has disregarded the rights of his neighbor and thereby injured him. Plaintiff has been seeking redress in the courts for thirteen years upon a claim which should have been settled between neighbors without a suit. The damage found by the jury was only one-half what was proved. Defendant had the advantage of every doubtful question on the trial, and the judgment should be affirmed and the controversy ended.

HALL, J.—The original petition was based upon the wrongful removal by defendant of a division fence, made such by the statute, without the statutory notice of the defendant's intention to remove the same. In order to prove the cause of action alleged in the original petition it was necessary to show a division fence under the statute, the removal of said fence by defendant, and a failure by him to give the statutory notice of his intention to remove said fence. The original petition was in fact founded upon a statutory wrong committed by the defendant. The wrong was a wrong under the statutes and not otherwise. The wrong was not a wrong by reason of any agreement by defendant, or those from whom he purchased his land.

The amended petition was based upon the wrongful removal by defendant of a division fence, not under the statutes, but existing by the permission and consent of the defendant, without reasonable notice of his intention to remove the same. To prove the cause of action alleged in the amended petition it was necessary to show a division fence, existing under license from the defendant, and the removal by defendant of said fence without reasonable notice of his intention to remove said fence. The wrong was not a wrong under the

statutes. The wrong was a wrong because it was in violation of the license granted to the plaintiff by the defendant. And the amended petition was in fact founded upon a violation by the defendant of such license.

The original petition was based upon the statutes concerning division fences. The amended petition was based upon a license from the defendant to the plaintiff to maintain the fence as a division fence. The proof required by one petition was entirely different from the proof required by the other petition. And this difference was as to the character of the proof and not as to the quantity of the proof only. The entire proof required by the original petition would not have been sufficient under the amended petition. The amended petition cannot be held to be an amendment of the original petition, but must be held to be a substitute for said petition. *Fields v. Maloney,* 78 Mo. 174; *Scovill v. Glasner,* 79 Mo. 452. The court on motion should have stricken out the amended petition for that reason. The defendant filed no such motion and, of course, by such failure waived the right to have the amended petition stricken out. *Scovill v. Glasner, supra.* But the question is, was the running of the statute of limitations arrested by the filing of the original petition, as concerns the cause of action alleged in the amended petition ?

With reference to this question the rule has been laid down as follows :

"The rule is this : where the amendment sets up no new matter or claim, but is a mere variation of the allegations affecting a demand already in issue, then the amendment relates to the commencement of the suit, and the running of the statute is arrested at that point ; but where the amendment introduces a new claim not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action—the running of the

statute continuing down to the time the amendment is filed." *Buell et al. v. Transfer Co.*, 45 Mo. 563.

Holding as we do that the amended petition was not properly an amendment, but was a substitute, substituting a new cause of action for the cause of action alleged in the original petition, we must treat the filing of the amended petition as the institution of a new action. And in accordance with the rule above stated we hold that the running of the statute of limitations was not arrested by the filing of the original petition, but continued down to the filing of the amended petition.

The cause of action stated in the amended petition, upon the face thereof, was barred by the statute of limitation, more than five years having elapsed from the time it accrued before the amended petition was filed. The court should have given the instruction asked by defendant, and should have refused the instruction given by it for the plaintiff.

The judgment of the circuit court is, therefore, reversed. All concur.

### On Motion for Re-hearing.

ELLISON, J.—A motion for re-hearing was duly presented in this case in which two points are made against the opinion heretofore promulgated.

It is earnestly urged that the cause of action was not changed by the amendment made after the reversal of the cause by the Supreme Court, and in consequence the statute of limitations would not bar the claim. The reasoning of counsel is very persuasive of the correctness of the position taken. But the question is not an open one in this state. Under the rule, as frequently declared by the Supreme Court, the amendment in this case was an introduction of a new cause of action.

It is also contended that the opinion in this cause is in conflict with that of *Silvers v. Railroad* (21 Mo. App. 5), wherein we declare, on the authority of *Scovill*

*v. Glasner* (79 Mo. 449), that by answering defendant waived any alleged error in the court's overruling a motion to strike out an amended petition as being a change of the cause of action. That ruling was correct, but as the defence of the statute of limitations was pleaded in the answer in that case and an instruction on limitations was refused, the question as to the change of the cause of action was, by this means, again raised and we should, in order to have been better understood, have proceeded to say in that opinion that the court properly refused the instruction, as, in that case, there was no change of the cause of action. The original was an imperfect and inartistic statement, but both it and the amendment were evidently based on Revised Statutes, section 809. The motion is overruled.