MARY A. WASSON, Respondent, v. JOHN S. BOLAND et al., Administrators, Etc., Appellants.

Kansas City Court of Appeals, April 19, 1909.

1. **LIMITATIONS: Pleading: Changing Cause of Action: Evidence: Administration.** A petition and an amended petition filed in a probate court are examined and held to state separate and distinct causes of action since they take different evidence to support them, and the amended petition having been filed after the running of the Statute of Limitations against the demand, will not support a recovery.

2. **CORPORATIONS: Expiration of Charter: Partnership: Iowa Law: Action.** Under the decisions in Iowa a corporation whose charter has expired and which still continues in business is a *de facto* corporation and does not become a partnership so as to make the stockholders liable as partners for the debts of the corporation.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker*, Judge.

REVERSED.

*Thos. B. Davis* and *N. A. Franklin* for appellant.

(1) The notice waived by the administrators was given just four days before the two years statute of limitations would expire; there was nothing in the notice to indicate when the demand would be "exhibited to the court for allowance" and in fact there was no court to which it could have been exhibited; hence the original demand was barred before the demand was presented for allowance. R. S. 1899, secs. 188, 189, 197; Bank v. Burgin, 73 Mo. App. 108. (2) If the statutes pleaded in the amended demand and section 1616 of the Annotated Code of the State of Iowa of 1897 offered in evidence by the plaintiff be penal, then there was a total change of the cause of action therein set up and the statute had run nearly a year before the amended demand was filed and notice thereof was served. Sims v. Field, 24 Mo. App. 557; Holliday v. Jackson, 21 Mo. App. 660; Ross v. Land Co., 162 Mo. 317; Heman v. Glann, 129 Mo. 325; Parker v. Rodes, 79 Mo. 88. (3) But section 1616 of the Annotated Code of Iowa, and the other sections of the Iowa Code read in evidence so far as they are applicable to the case at bar are penal, and the statute had clearly run when the amended demand was filed and notice thereof given to the administrators on the 24-5 of September, 1907. Seaton v. Grimm, 110 Iowa 145; Fado v. Orcutt, 79 Mo. App. 511; Gamble v. McCune, 26 Mo. 371; Cable v. Gaby, 34 Mo. 573; Kritzer v. Woodson, 19 Mo. 327; 10 Cyc., 670 to 674, inclusive, and cases cited; Cork Stock and Stockholders (2 Ed.), sec. 234; 10 Cyc. 666; Burdick on Torts, pp. 14-16; Baker v. Wire Co., 106 Iowa 539. (4) The plaintiff bought the certificate sued on after the district court of Wayne county, Iowa, had adjudged the Bank of Lineville to be a corporation and her claim was recognized by the receiver as a claim against the corporation. The property of the bank was sold (including what Mr. Boland had in it). She treated it as a corporation, and benefited thereby to the disad-

vantage of his estate. She is therefore estopped to deny its corporate existence. It was a de facto corporation and only the State of Iowa could question the corporate existence. Bank v. Gillispie, 209 Mo. 263; Bank v. Rockefeller, 195 Mo. 15; Page on Contracts, secs. 1099-1100, and cases cited; 10 Cyc. 227; Mining Co. v. Woodburry, 14 Cal. 424; Rylan v. Hollinger, 117 Fed. 216; 10 Cyc. 224; Bank v. Ferguson, 59 Am. St. R. 522 (Neb.); Clausen v. Head, 110 Wis. 405; 10 Cyc. 661-2. (5) The fact that the charter of a corporation has expired does not render the stockholders partners nor make them liable as such. Bank v. Walker, 66 N. Y. 424; Seaton v. Grimm, supra; Cook on Corporations (5 Ed.), sec. 243; Railroad Gazette v. Franklin Wherry, 58 Mo. App. 426. (6) The presentation of the claim to the receiver, its allowance by him, and the collection thereon by the plaintiff is equivalent to a judgment, and this action is final, having all the force, effect and conclusive attributes of such. Eppright v. Kauffman, 90 Mo. 25; Namson v. Jacobs, 93 Mo. 331; O'Brien v. Haydock, 59 Mo. App. 653; Kendrick v. Guthrie M'fg. Co., 60 Mo. App. 22; Hayden v. National Cornice Co., 62 Mo. App. 569.

*B. L. Robison* and *Ira B. Hyde & Son* for respondent.

(1) The Bank of Lineville was located and conducting its business in Wayne county, Iowa, and the contract in suit was executed and made payable there and hence the laws of Iowa govern as to the nature, validity and construction of the contract. (2) The Bank of Lineville was incorporated August 13, 1879, and its existence was limited by both the provisions of its articles and by the laws of Iowa to a period of twenty years. Code of Iowa, 1873, sec. 1069. (3) When the charter of a corporation, or the general law under which it is organized fixes a term for the existence of the corpora-

tion, it will upon the expiration of the term become *ipso facto* dissolved. 2 Beach on Private Corporations (2 Ed.), secs. 780 and 785. (4) The Bank of Lineville did not need to become incorporated or re-incorporated to conduct a banking business in the State of Iowa, because the laws of that State in force at the time permitted partnerships, individuals and unincorporated associations to do banking business in that State, only they were not allowed to use the word "State" in the name adopted and this the Bank of Lineville never did. Annotated Code of Iowa, 1897, sec. 1862. (5) At common law there is no intermediate stage between a partnership and a corporation. After the expiration of its charter the Bank of Lineville as to all new business was an unincorporated association having all the attributes and liabilities of an ordinary partnership, and as to such we quote: 17 Am. and Eng. Enc. (1 Ed.), pp. 863, 864; Farnum v. Patch, 49 Am. Rep. 313; Martin v. Fewell, 79 Mo. 409; Kaiser v. Bank, 56 Iowa 104; Smith v. Warden, 86 Mo. 399; Furniture Co. v. Crawford, 127 Mo. 364. (6) A partnership may be created by contract, express or implied. And participation in the profits of a joint business affords the usual and one of the most cogent tests of the existence of an intention to form a partnership. 17 Am. and Eng. Ency. (1 Ed.), pp. 828, 829, 835; St. Louis Type Foundry v. McCann, 68 Mo. 196; Young v. Smith, 25 Mo. 346; Bissel v. Ward, 129 Mo. 450. (7) The decisions are uniform that even where persons attempt to form a corporation but fail to comply with the law with respect to the formation of corporations they are liable as partners; and that their intention and understanding cannot restrain their liability. Martin v. Fewell, 79 Mo. 409; Smith v. Warden, 86 Mo. 398; Hulet v. Nugent, 71 Mo. 130; Furniture Co. v. Crawford, 127 Mo. 364; Randall v. Garoutte, 78 Mo. App. 609; 1 Beach on Pri. Cor. (1891 Ed.), sec. 162.

136 App—40

ELLISON, J.—Plaintiff filed a demand against the estate of John Boland, deceased, in the probate court of Putnam county, based on a bank certificate of deposit. The case was appealed to the circuit court where the plaintiff had judgment for the amount, less credits.

It appears that the Bank of Lineville did business as a corporation in Iowa until at the expiration of twenty years its franchise expired under the terms of the statute of that State. That after the expiration of the life of the charter the bank continued business, as before, for several years, when it became insolvent and was placed in charge of a receiver, who paid a portion of the sum due on the certificate. It was during the period after the expiration of the charter and before the insolvency, while doing business as it had always done, the deposit was made and the certificate issued which is the basis of this controversy. The certificate was issued to Francis Walker and by him assigned to this plaintiff.

It appeared in evidence that certain of the officers and stockholders of the bank stated themselves to be partners and that a suit was instituted in this State on a claim of the bank in which it was alleged that it was a partnership. It also appeared that the application for a receiver stated the bank to be a partnership. But it further appears that to meet the demands of creditors the receiver made assessments against the stockholders under the banking law of Iowa. It does not appear that Boland knew of any claim or admission of partnership.

The demand when presented or filed by plaintiff in the probate court, only lacked four days of being barred by the statute of limitations for the presentation of claims against estates of deceased persons. After the limitation period expired plaintiff filed an amended petition. The law in this State is that though an action be brought before the period of limitation has expired, if an amended petition be filed after the period, changing the cause of action, it will be regarded as "a fresh suit

upon a new cause of action," and will be barred.  [Buel
v. Transfer Co., 45 Mo. 562; Fields v. Maloney, 78 Mo.
172; Scovill v. Glasner, 79 Mo. 449; Sims v. Field, 24
Mo. App. 557.]

It is held that a failure to object to the amendment
will be a waiver.  There was no objection in this case.
But that relates merely to the question of waiver of
right to make the amendment.  It does not affect the
matter of the running of the statute of limitations, as
will be seen from the opinion of Judge HALL in Sims v.
Field, supra.

So the question is whether the amendment changed
the cause of action.  The object of both the original
and amended petition was to hold the estate on the
ground of partnership.  The original claim was as
follows:

"The estate of John Boland, deceased, to Mary A.
Wasson, Dr.

"Balance on certificate of deposit of Bank of Line-
ville, Iowa, No. 18248, a copy of which is hereto attached
marked Exhibit "A" and made a part thereof, $2,800.

"The said John Boland was the owner of 20 shares
of stock in said Bank of Lineville, a copartnership doing
business under the firm name and style of the Bank of
Lineville.  The said certificate marked exhibit "A" was
issued to Frances M. Walker and by her assigned to
claimant, Mary A. Wasson."

Exhibit "A."

"$5,277.62                                    No. 18248.

"Not subject to check.
"BANK OF LINEVILLE.
"Lineville, Iowa, April 14, 1904.

"Frances M. Walker has deposited in this bank
Fifty Two Hundred Seventy Seven and 62-100 Dollars
payable to the order of self six months after date at 6
per cent in current funds, on return of this certificate
properly endorsed.  If duplicate unpaid.

"Certificate of deposit.  A. L. ROCKHOLD, Cashier."

The amendent is a lengthy pleading but the substance of it is that the contract evidenced by the certificate of deposit was made in Iowa and was governed by the laws of that State. The various statutes of that State are then pleaded; among others, section 1069, Code of 1873, providing that corporations for banking could not be organized for a longer period than twenty years, and that by section 1629, Code of 1897, if one continued after that period it could only be for the purpose of winding up its affairs and not to take new business. That by section 1863, Code 1897, a banking corporation could only be organized in the manner therein stated, which is set out in the petition. That by section 1842 of such code it was provided that certain notice, etc., of the organization of the corporation should be given. That by section 1864 the officers of the corporation should not commence business until they had made certain sworn statements to the State Auditor of Iowa. That by section 3468 an action on a claim or demand against a partnership may be brought against any one of the members thereof as an individual liability. And, finally, it was pleaded that according to the provisions of section 3443 of such statutes, all actions survive, "under which provision plaintiff alleges that his said claim survives and may be brought against the representatives of said John Boland, deceased." It was also appropriately pleaded that the corporate life of twenty years allowed by the statute aforesaid for the Bank of Lineville, had expired and that its officers and stockholders did not reorganize, nor did they attempt to wind up the affairs of the bank, but continued to do a banking business as before and under the same name, and that during this time after the expiration of its charter, it received the deposit in controversy.

The purpose of the petition was to set forth that the corporate life of the Bank of Lineville had ceased when it received the deposit and that it received such deposit while conducting the bank as a going concern, as had

been done for several years, without any intention to wind up its affairs; and that by reason thereof the stockholders became merely partners doing a banking business as a partnership, and that deceased was liable as one of such partners.

In our opinion the amendment was the substitution of a new action. One test constantly made is whether evidence to prove one will support the other. [Ross v. Mineral Land Co., 162 Mo. 317; Heman v. Glann, 129 Mo. 325; Lumpkin v. Collier, 69 Mo. 170; Scovill v. Glasner, 79 Mo. 449.] The rule is clearly illustrated by the decision in McHugh v. Transit Co., 190 Mo. 85, where it is held that a complaint for damages for common law negligence and one for statutory negligence are two different causes of action and cannot be joined in the same count, though they relate to the same injury.

It can be said of this amendment, as was said by HALL, J., in Sims v. Field, supra, that "That proof required by one petition was entirely different from the proof required by the other. And this difference was as to the character of the proof and not as to the quantity of proof only. The entire proof required by the original petition would not have been sufficient under the amended petition." The mere fact that the action stated in the amendment might have been joined in the same petition, in a separate count, with that stated in the original, or that the subject-matter of each may be the same, does not determine whether the cause of action has been changed. From which it follows that though the original and the amendment are acting on the same certificate, that fact does not prevent application of the rule. It needs but the suggestion to show that the cause shown in the original and that set up in the amendment, though relating to the same subject, are altogether different and that proof of the original would fall far short of supporting the amendment. We are of the opinion that the statute of limitations bars the claim.

There is another reason urged by counsel in behalf of defendant why plaintiff cannot recover, which we think to be sound. That is that by the law, as administered in Iowa, the stockholders of a corporation which continues to do business after its charter has expired cannot be held as partners in the absence of a statute imposing such liability. [Seaton v. Grimm, 110 Iowa 145 (81 N. W. 225).] It is said in that case that "The great weight of authority, in the absence of a statute, is that where a supposed corporation is doing business as a *de facto* corporation, the stockholders cannot be held liable as partners although there may have been irregularities, omissions or mistakes in incorporating or organizing the corporation." And the same is held in Clausen v. Head, 110 Wis. 405 (85 N. W. Rep. 1028), a case much like the case at bar, where it was undertaken to hold stockholders of an insolvent bank as partners. See also 1 Cook on Corp., sec. 234. We do not consider that Elson v. Wright (Iowa), 112 N. W. 105, cited by plaintiff, in any way qualifies those cases.

But, as will be noticed in the statement of the case, it was attempted to be shown that the stockholders considered themselves to be partners and so conducted the business. We do not think there was sufficient in the evidence to justify a finding that deceased was knowingly a party to any change in the mode of operating the bank, or any change in the relationship of the stockholders. To him the bank was continued as a *de facto* corporation.

The judgment will therefore be reversed. All concur.