THE DOUGLASS CANDY COMPANY, a Corporation, Appellant, v. MILO SHENK and ETHEL SHENK, composing the firm of M. and E. SHENK, Defendants, CHARLES SCHALENHAMER and F. E. KENTON, composing the firm of SCHALENHAMER & KENTON, Interpleaders, and WILLIAM BORCHERDING and HENRY BORCHERDING, composing the firm of BORCHERDING BROS., Interpleaders, Respondents.

Kansas City Court of Appeals, April 30, 1917.

1. **ATTACHMENT:** Bulk Sales: Limitations. A merchant sold, verbally, his stock of goods without complying with the Bulk Sales

Candy Co. v. Shenk.

Law, and thereafter a creditor filed suit and attached the property, alleging in his affidavit the seventh ground of attachment as contained in section 2294, R. S. 1909, but later on, or about 130 days after the completion of the sale, amended the affidavit so as to include an allegation of fraudulent conveyance under the Bulk Sales Law as additional ground for attachment. The defendant pleaded the ninety days Statute of Limitation, contained in the Bulk Sales Law. *Held*, that the amended affidavit set up a new matter founded on the Bulk Sales Law and that the Statute of Limitations was timely pleaded.

2. ———: **Grounds of: Meaning of** "**Assigned.**" The word "assigned" as used in subdivision seven of the Statutes (Sec. 2294, R. S., 1909) refers to an assignment in its limited sense, that is, an assignment by writing, and not to a verbal sale.

3. ———: ———: **General Statutes.** The ninety days' Statutes of Limitations applies to attachments under the Bulk Sales Law and not the general Statute of Limitations. Ward v. Stutzman, 195 Mo. App. 376.

Appeal from Carrol Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

AFFIRMED.

*William Traughber* and *Spencer & Landis* for appellant.

*Guy Whiteman* and *Conkling & Withers* for respondent.

BLAND, J.—On November 30, 1915, defendants, Milo Shenk and Ethel Shenk, co-partners, doing business as M. and E. Shenk, were engaged in the bakery and confectionery business in the town of Norborne, Missouri, and on said day by a verbal sale for cash sold and delivered their stock of merchandise, fixtures and equipment to interpleaders, Charles Schalenhamer and F. E. Kenton, co-partners, doing business as Schalenhamer & Kenton. About fifteen days thereafter said Schalenhamer & Kenton sold a portion of said property to interpleaders Borcherding Bros.

On January 27, 1916, plaintiff filed suit in the circuit court against defendants on an account founded on

195 M. A.—38

a sale of merchandise from plaintiff to defendants, and on the same day sued out of said court a writ of attachment against said defendants and in the affidavit of attachment set up the seventh ground of attachment as contained in the statutes, section 2294, Revised Statute 1909.

On April 10, 1916, or one hundred and thirty days after the completion of the sale by defendants to Schalenhamer & Kenton, as aforesaid, plaintiffs filed an amended affidavit of attachment again setting up the seventh ground of attachment and, in addition thereto, setting out specifically the transaction and alleging it to have been a fraudulent conveyance under the Bulk Sales Law (Laws 1913, p. 163). To the amended affidavit in attachment defendants and interpleaders filed a motion to strike out which was overruled, and thereafter the defendants filed a pleading described therein as a plea in the nature of a plea in abatement to said amended affidavit of attachment, consisting of a general denial and plea of the ninety days' Statute of Limitations contained in the said Bulk Sales Law, and the interpleaders herein filed their separate interpleas claiming ownership and right of possession of the property attached, and pleading the said ninety days' Statute of Limitations contained in the Bulk Sales Law.

At the trial the court, sitting as a jury, gave a declaration in favor of the interpleaders and the defendants to the effect that the action was not commenced within ninety days after the sale, in that the first affidavit alleging the seventh ground of attachment was not sufficient to cover a sale or conveyance of property not evidenced by written instrument; that the amended affidavit setting up a claim founded upon an alleged fraudulent conveyance under the Bulk Sales Law, being filed after ninety days from the date of the sale, alleged an action that was barred, for the reason that it was not set up before the running of said ninety days' Statute of Limitations.

The first point made by appellant is that in alleging the seventh ground of attachment in its original affidavit

it was not necessary for it to have filed an amended affidavit in order to have alleged a cause of action as proven by the evidence.

The seventh ground of attachment is "where the defendant had fraudulent *conveyed* or *assigned* his property or effects, so as to hinder or delay his creditors." And in order to understand the controversy it is also necessary for us to consider the eighth ground of attachment which provides, "where the defendant has fraudulently concealed, removed, or *disposed* of his property or effects so as to hinder or delay his creditors."

The evidence in this case shows that the sale from the defendants M. and E. Shenk to interpleaders Schalenhamer & Kenton was a verbal sale. Appellant claims that said sale was an assignment such as contemplated by the seventh subdivision of the statute although not in writing, while the respondents deny this contention.

Webster states taht in legal contemplation an assignment "is a transfer of title or interest by writing." However, that this is a limited or restricted definition is apparent, for it is said in 4 Cyc. 6: "The term assignment, as originally used, signifies a transfer, between living parties, of all kinds of property, real, personal and mixed, whether in possession or action, and whether made by delivery, indoresment, transfer in writing, *or by parol,* and includes as well the instrument by which the transfer is made as the transfer itself."

It is said in Johnson v. Brewer, 134 Ga. 825, 68 S. E. 590, that "the word 'assignment' has several meanings. In a broad sense it signifies the act by which one person transfers to another the entire right or property which he has in any realty or personalty in possession or in action or some share or interest therein, and is more particularly applied to a written transfer as distinguished by a transfer by mere delivery."

It seems to us that the question to be determined is whether the word assignment as used in the seventh subdivision of the attachment statute is to be taken in its limited or broad sense. It has been often held that the seventh and eighth subdivisions of the attachment stat-

ute are separate and distinct and that it requires a different state of facts for each, and that proof of facts upon which subdivision seven could be sustained would not sustain an allegation of subdivision eight. [Bullene v. Smith, 73 Mo. 155; Conran v. Fenn, 159 Mo. App. l. c. 680.] In this connection it has become necessary for the courts to decide what is meant by the word *"disposed"* in subdivision eight of said statute. That the word *disposed* is broad enough to cover a great many forms of assignments, as the latter word is used in its broad sense, is apparent. For it is said in Bullene v. Smith, supra, l. c. 161, "The word 'disposed,' as used in this subdivision of the statute was, we think, intended to cover, and does cover all such alienations of property as may be made in ways not otherwise pointed out in the statute; for example, such as pledges, gifts, pawns, bailments and other transfers and alienations as may be effected by mere delivery, and without the use of any writing, assignment or conveyance."

It seems apparent to us in view of the holding in the case of Bullene v. Smith, supra, that the word "assigned" as used in subdivision seven of the statute refers to an assignment in its limited sense, that is, an assignment by writing, and not to a verbal sale as was had in the case at bar.

The next point made by appellant is that it had a right to amend its affidavit of attachment by setting up the additional ground of attachment under the Bulk Sales Law, as aforesaid, and that said amended affidavit related back to the time of the filing of the original affidavit, and that as said original affidavit was filed within ninety days from the time of said verbal sale the ground set up in the amended affidavit is not barred by the Statute of Limitations provided in the Bulk Sales Law.

In discussing the nature of the several grounds of attachment, and especially the two subdivisions of the statute now under discussion, the supreme court in the case of Bullene v. Smith, supra, l. c. 160, in reference to an affidavit of attachment, said:

"This affidavit and the cause or causes therein stated constitute and limit his right to the process. It takes the place and performs the office of a petition, and its different branches in some sense may be likened to different counts setting up and limiting different and distinct causes for the attachment. The plea in abatement is the defendant's answer. Upon the issues thus formed, the plaintiff is held to the proof of the existence of the facts alleged by him as the ground of the attachment. . . . The Legislature, by the specifications and classifications contained in the various subdivisions of section 398, has, we think, made the several subdivisions and the cause or causes therein contained separate, distinct and independent causes of attachment; no two of which cover in legal contemplation the same subject-matter, fact, conduct or transaction."

And in reference to the matter of the running of the Statute of Limitations where a new claim not before asserted is set up in an amended petition, it is said in the case of Simms v. Field, 24 Mo. App. 565-6:

"The rule is this: where the amendment sets up no new matter or claim, but is a mere variation of the allegations affecting a demand already in issue, then the amendment relates to the commencement of the suit, and the running of the statute is arrested at that point; but where the amendment introduces a new claim not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action—the running of the statute continuing down to the time the amendment is filed." [Buell et al. v. Transfer Co., 45 Mo. 563; Fields v. Maloney, 78 Mo. 172; Scoville v. Glasner, 79 Mo. 449; Wasson v. Boland, 136 Mo. App. 622.]

Appellant makes the point that defendants by filing their answer to the merits and the interpleaders by filing their interpleas to the merits waived their right to make any objection to the amended affidavit on the ground that it sets up a new claim. It is held in Maurer v. Phillips, 182 Mo. App. l. c. 447, that the filing of an answer after a motion to strike out the affidavit of attachment has

been sustained, waives any alleged departure from the original cause of action. We have no complaint to make of this statement of the law but it does not go to the proposition before us, as such a procedure does not waive the right of the defendants or interpleaders to set up the Statute of Limitations in an answer or interplea. [Wasson v. Boland, supra, l. c. 627; Simms v. Field, supra.] We, therefore, hold that by filing the amended affidavit of attachment the plaintiff set up a new matter founded upon the Bulk Sales Law and that the Statute of Limitations was timely pleaded.

But appellant says that the ninety days' Statute of Limitations does not apply to attachments under the Bulk Sales Law but that the general Statute of Limitations governs. This point has already been passed upon by this court in the recent case of Ward v. Stutzman, 195 Mo. App. 376, where it is held that the ninety days' Statute of Limitations applies to cases like the one before us.

We also refer appellant to the last paragraph of the case of Ward v. Stutzman, supra, for an answer to their contention that this proceeding was against the vendor and not against the vendee.

From what we have said the judgment should be affirmed and it is so ordered.

All concur.