Jennie Altheimer, Respondent, v. Louis Teuscher, Appellant.

St. Louis Court of Appeals, December 8, 1891.

Justices' Courts: AMENDMENT ON APPEAL. A total substitution of parties plaintiff is not permissible in the circuit court on the appeal of a cause instituted before a justice, when the party sought to be substituted as plaintiff does not claim under the original plaintiff, since such an amendment amounts to a change of the cause of action. And where such an action is instituted in the name of A as agent this rule prohibits the substitution of the principal of A as the plaintiff in the cause.

*Appeal from the St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Reversed.

*A. Gfeller*, for appellant.

( 1 ) Every civil action shall be prosecuted in the name of the real party in interest. R. S. 1889, sec. 1990. ( 2 ) One cannot prosecute a suit in his own name as agent of another. *Furniture & Lumber Co. v. Radaz*, 28 Mo. App. 210. ( 3 ) The complete change of parties plaintiff by the substitution of a new plaintiff for the one in whose name the action was commenced is a change of the cause of action, and therefore is not a proper amendment. *Clements v. Greenwell*, 40 Mo. App. 589–90; *Courtney v. Sheehy*, 38 Mo. App. 290. ( 4 ) If the plaintiff had no right to sue when he brought his action, he cannot amend so as to confer that right. *McDowell v. Morgan*, 33 Mo. 555.

*Montague Lyon*, for respondent.

Thompson, J.—This action was originally brought before a justice of the peace in the name of "Gus

Altheimer, Agent," to recover on an account. When the cause was called for trial in the circuit court the plaintiff was allowed to amend his statement by substituting in his place as plaintiff Jennie Altheimer, for whom he had acted as agent in the transaction which was the subject-matter of the suit. The defendant, appealing from the judgment subsequently rendered against him in the case, assigns this ruling for error.

We must hold this ruling erroneous on the authority of *Clements v. Greenwell*, 40 Mo. App. 589,594, unless the rule has been changed by an amendment to the governing statute, which we shall hereafter notice. In that case we held that an amendment substituting the name of a different person as plaintiff, unless he has acquired the rights of the original plaintiff since the commencement of the suit, is an amendment changing the cause of action, and consequently inadmissible in the circuit court in cases where the action has been commenced before a justice of the peace. There, as here, the action had been commenced by the original plaintiff as agent of another party (in that case named, but in this case not named,) and we held that an amendment in the circuit court, substituting the principal in the place of the agent, was not admissible. In *Courtney v. Sheehy*, 38 Mo. App. 290, 293, we held that, where an action had been brought before a justice of the peace by a husband, and it turned out that the only cause of action was in the wife, her name could not be substituted as plaintiff by way of amendment. The principle upon which these cases proceed is that a total substitution of parties plaintiff, except in those cases where the substituted plaintiff has, since the commencement of the action, succeeded to the right of action which the original plaintiff had when the action was commenced, is not a mere amendment changing parties, but is a change of the cause of action. We also intimated the opinion that no such power of amendment resides in the circuit court in causes commenced originally in that

court; and of the correctness of this statement the case of *McDowell v. Morgan*, 33 Mo. 555, affords an illustration.

Has the legislature changed this rule ? The statute as it now stands is as follows: " The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal: *Provided, that new parties plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court.*" R. S. 1889, sec. 6345.

So much of the statute, as is printed in Roman letters, is the statute as it stood when the rights arose under which the decisions of this court, above quoted, were rendered ; the part printed in italics has been added in the revision of 1889. It is plain that the legislature did not intend to introduce a power of amendment so broad as to allow a complete substitution of parties plaintiff, where the one did not derive his right of action from the other subsequently to the bringing of the suit. This would make the amendment repugnant to the original clause, and the legislature cannot be presumed to have intended such a thing. The purpose of the legislature seems to have been to confer upon the circuit court, in cases appealed from justices of the peace, the same power of amendment which exists in cases originally commenced in the circuit court ; and no power of amendment exists in the circuit court by which a cause of action can be commenced in the name of one who has no right of action, and by which the cause can be kept in court by substituting some one else who has a cause of action against the defendant. As was well said by Judge PHILIPS in *Thieman v. Goodnight*, 17 Mo. App. 434, this would not be an amendment of the plaintiff's cause of action, but of another person's cause of action. As this court, speaking through ROMBAUER, P. J., said in *Courtney v. Sheehy*, 38 Mo. App. 293: " It was never held that section 3567 of the Revised Statutes ( R. S.

1889, sec. 2098 ), which provides. that the court, in furtherance of justice, may add the name of any party, or correct the mistake in the name of a party, authorizes the court to add, by way of amendment, the name of the only substantial plaintiff or defendant, as that would, be in effect the institution of an entirely new suit by way of amendment, which cannot be done." And yet the power of amendment there laid down is quite as broad as that which the legislature has introduced in respect of cases appealed from justices of the peace, by the proviso above quoted.

We must, therefore, conclude that the circuit court committed error in allowing this amendment. As every action must be prosecuted by the real party in interest, and as it appears that Gus Altheimer, in whose name the suit was originally brought, had no interest, it would be useless to remand the cause. The judgment should, therefore, be reversed merely. It is so ordered. All the judges concur.