CHARLES W. ARPE, Appellant, v. MESKER BROTHERS IRON COMPANY. —19 S. W. (2d) 668.

Division Two, August 6, 1929.

*Thompson, Mitchell, Thompson & Young* and *P. G. McElwce* for appellant.

*R. M. Nichols* for respondent.

644

BLAIR, P. J.—This is a suit upon an account for $90,000. The trial court sustained defendant's demurrer to plaintiff's (appellant's) second amended petition. Plaintiff refused to plead over, and judgment was entered dismissing his cause of action. Thereupon, he was granted an appeal to this court. The petition adjudged to be insufficient was as follows (Italics ours ):

"Now comes Charles W. Arpe, plaintiff in the above-entitled cause, and by leave of court files this, his second amended petition herein.

"Plaintiff states that the defendant, Mesker Brothers Iron Company, is and at all times hereinafter mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of Missouri, and duly authorized to do and is doing business in the city of St. Louis, Missouri.

"Plaintiff further states that he was in the employ of said Mesker Brothers Iron Company for several years prior to January 1, 1917, and that for two years prior thereto he was the general sales manager of said Mesker Brothers Iron Company.

"Plaintiff states that when the United States entered into the World War in 1917 the said Mesker Brothers Iron Company, acting by and through Frank Mesker, the vice-president thereof, on or about the 12th day of April, 1917, verbally employed the plaintiff upon a different basis from theretofore, and that it was thereupon agreed by and between the plaintiff and the said Mesker Brothers Iron Company that the plaintiff should receive from the defendant in addition to his salary a reasonable commission on all contracts and orders which the plaintiff would obtain for defendant from the United States Government; *said commission to be payable upon acceptance and performance of said contracts and orders by defendant.*

"Plaintiff states that the defendant was, and had been for some time, in the business of manufacturing various and sundry articles made out of iron and steel and other metals, and was equipped to manufacture and sell various and sundry materials needed by the United States in the equipment of its army; that among the things required by the United States for the prosecution of the war, and which the defendant was equipped to manufacture and sell, were army stoves, field ranges, ovens, tent pins, shelter huts, boiling plates and other materials of a similar character.

"Plaintiff states that thereafter and in reliance upon said agreement of employment he solicited orders from the United States and secured orders and contracts from the United States Government, whereby the said United States Government purchased from the defendant various and sundry articles and materials on or about the following dates, and at the following prices, to-wit:"

(Here are set out about seventy items, beginning August 20, 1917, and ending July 13, 1918, each of which gives the date of the order, the order number, the article, the price and the amount. Such amounts range all the way from $6.06 to $555,200, and aggregate the sum of $2,388,272.32.)

"That all of said articles and materials were furnished and sold by defendant to the United States Government for an aggregate price of approximately two million three hundred eighty-eight thousand two hundred seventy-two dollars and thirty-two cents ($2,388,-272.32).

"Plaintiff further states that said contracts so secured were executed and performed by the defendant corporation during the years 1917, 1918 and 1919, and that defendant has received full payment on said orders and contracts, and that plaintiff is entitled to a reasonable commission upon the same in accordance with his aforesaid agreement.

"Plaintiff further states that ninety thousand dollars ($90,000) is a fair and reasonable commission for obtaining the contracts and orders for the defendant from the United States Government secured by plaintiff during the years 1917 and 1918, and was at the rate then prevailing for like or similar services.

"Plaintiff further states that he has made demand upon defendant and that said demand has been refused.

"Wherefore, plaintiff prays judgment against defendant in the sum of ninety thousand ($90,000) dollars."

To said second amended petition defendant demurred, (1), because said petition does not state facts sufficient to constitute a cause of action; (2), because said petition is multifarious in that it embodies separate and distinct causes of action in a single count; (3), because the cause of action is barred by the Statute of Limitations,

for the reason that each and every order was procured more than five years prior to the institution of the suit; (4), because the alleged contract was verbal and its enforcement would violate the Statute of Frauds. As appears from a memorandum made by the trial judge who ruled the demurrer on June 17, 1926, such demurrer was sustained on the first ground, "for the reason that plaintiff's right of action is barred by the Statute of Limitations." This was also the reason urged by defendant specifically in the third ground of the demurrer.

It appears that, on October 18, 1926, at the October, 1926, term of the Circuit Court of the City of St. Louis, this cause was dismissed at plaintiff's cost for failure to prosecute. On December 2, 1926, upon the oral application of plaintiff, the said order of dismissal of October 18, 1926, was set aside and vacated and the cause was reinstated upon the docket. On the same day, the record shows that plaintiff stood on his petition, refused to plead over and suffered judgment of dismissal. On the same day appeal was granted to this court.

Respondent contends that the circuit court had no jurisdiction, at the December term, 1926, and upon the oral motion of plaintiff, to set aside the order of dismissal made October 18, 1926. The printed abstract, as corrected in ink by plaintiff, recites that the dismissal was set aside "on December 2, 1926, during the October, 1926, term of court." Defendant's additional abstract shows nothing to the contrary and the abstract, as thus corrected by plaintiff, must be accepted as truly stating the term at which said order was made. Besides, an examination of the 1926 calendar and Section 2617, Revised Statutes 1919, discloses that December 2, 1926, was not during the December, 1926, term of the Circuit Court of the City of St. Louis.·

The court had the undoubted right upon its own motion to set aside the order of dismissal during the term at which such order was entered. The court doubtless treated the oral motion of plaintiff as a mere suggestion. This was entirely permissible. [Marsala v. Marsala, 288 Mo. 501, 1. c. 504, 232 S. W. 1048.] The statute giving four days for the filing of formal motions for a new trial is not controlling under such circumstances. Upon the state of the record as we find it, the court was authorized to grant an appeal to the plaintiff on December 2, 1926.

As originally filed, the second amended petition did not contain the words "said commission to be payable upon acceptance and performance of said contracts and orders by defendant," which words we have italicized in quoting said petition. Those words were interlined by leave of the court on June 1, 1926. Assuming that the second amended petition as filed sufficiently alleged a mutual, open

and current account (and defendant stoutly maintains that it did not) and otherwise stated a cause of action, was it good against defendant's demurrer that said petition showed upon its face that plaintiff's cause of action was barred by the five years statute of limitation? We think it was not.

Before such amendment by interlineation was made, the petition alleged an agreement that "plaintiff should receive from the defendant in addition to his salary a reasonable commission on all contracts and orders which the plaintiff would obtain for defendant from the United States Government." Under this allegation the commissions alleged to be due to plaintiff became due and payable when each contract or order was obtained by plaintiff for defendant from the Government. The said petition also alleged that, in reliance on the aforesaid agreement, plaintiff secured orders and contracts from the United States Government whereby the Government "purchased from the defendant various and sundry articles and materials on or about the following dates, and at the following prices, to-wit:" Then are set out about seventy items. The date of the purchase from the defendant of the last item is alleged to have been July 13, 1918. The original petition was filed September 22, 1923.

It is therefore apparent that the second amended petition, before it was amended by interlineation on June 1, 1926, did not state a cause of action good against defendant's plea of the Statute of Limitations. The allegation that "said contracts so secured were executed and performed by the defendant corporation during the years 1917, 1918 and 1919," appearing in the second amended petition both before and after the amendment of June 1, 1926, did not aid the petition to avoid the bar of the statute of limitations, because said petition then alleged that commissions were due upon the *obtaining of the order by plaintiff* by the United States Government. Earning of the commissions was not then alleged to depend upon the *performance of the contracts by defendant.*

Now, assuming that the second amended petition as filed stated a cause of action in other respects, did the amendment of June 1, 1926, in connection with the allegation that defendant performed the contracts in 1917, 1918 and 1919, relate back to the filing of the original petition on September 22, 1923, and save the plaintiff's cause of action from the bar of the statute of limitations? We think it could not have that effect.

The general rule is that an amendment will not have such effect if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment; for such an amendment would constitute a departure. [Ross v. Mineral Land Co., 162 Mo. 317, 62 S. W. 984; Heman v. Glann, 129 Mo. 325, 31 S. W. 589; Lumpkin v. Collier, 69 Mo. 170;

Scovill v. Glasner, 79 Mo. 449; Wasson v. Boland, 136 Mo. App. 622, l. c. 629, 118 S. W. 663; Douglass Candy Co. v. Shenk, 195 Mo. App. 592, l. c. 597, 194 S. W. 754; 37 C. J. 1068, sec. 507.]

Under the second amended petition as filed, plaintiff only had to prove, among other things, that he obtained the orders and contracts to make his commissions due and payable. After the amendment of June 1, 1926, which was nearly eight years after the last item of the alleged account, it was necessary to prove, not only that he obtained the orders and contracts for defendant, but also that defendant performed such orders and contracts. It took more and different proof to make a case under the petition as amended June 1, 1926, than it did before such amendment. The amendment constituted a departure and did not relate back to the date of the filing of the original petition.

As against defendant's plea of the bar of the action by the statute of limitations, the second amended petition stated no cause of action whatever against defendant prior to June 1, 1926. Assuming that the amendment of June 1, 1926, might properly have been made after the original petition was filed and at any time within five years after the last date of performance of the orders and contracts, alleged in the petition as 1919, yet the same amendment, made in June, 1926, and more than five years after the last alleged date of performance, could not relate back to the filing of the original petition and save the action from the bar of the statute of limitations. [37 C. J. 1078, sec. 516.]

In the view we take of the statute of limitations in this case, it becomes unnecessary to notice other grounds urged by defendant for the affirmance of the judgment or the dismissal of the appeal.

The judgment is affirmed. All concur.