Anita L. BRIGGS, Tonita L. Briggs, Gwendolyn E. Briggs, Marvirstine Briggs, Appellants,

v.

Dr. Harry K. COHEN, Menorah Medical Center, Dr. Lawrence Cohen, Respondents.

No. WD 30684.

Missouri Court of Appeals, Western District.

June 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1980.

Application to Transfer Denied Sept. 9, 1980.

Paul T. Miller, Kansas City, for appellants.

John R. Gibson, Leonard J. Johnson, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for Dr. Harry K. Cohen.

W. James Foland, Christopher K. Kay, Kansas City, for Dr. Lawrence Cohen & Menorah Med. Ct.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The appeal comes from dismissal of an amended petition by the widow as administratrix of the estate of the deceased husband for damages for *injury which did not result in death* under § 537.020, RSMo 1969. The original petition was by the widow [*eo nomine*] and the minor children for the *wrongful death* of the decedent under § 537.080, RSMo 1969. The decedent, Napoleon Briggs, was pronounced dead on March 4, 1975. The original petition for his wrongful death from the contended malpractice of the Doctors Cohen and Menorah Medical Center was brought on March 3, 1977. The claim for wrongful death was barred to the widow under then § 537.080 [1]

---

1. That section provided that an action for damages for wrongful death may be sued and recovered

"(1) By the spouse or minor children . .
(2) If there be no spouse or minor children, or if the spouse or minor children *fail to sue*

after one year from the death of the husband. The order of dismissal rests on the bar of limitations to the cause of action of the original petition. The appellant contends that the cause of action tendered by the amended petition asserts the same interest as the original petition, as do the capacity of widow and administratrix, and so by the usual rules of pleading relates back for validity.

■■ The function of an amendment to a petition is to cure a lapse in the statement but without change of the original cause of action. An amendment, so accomplished, relates back to the date the original petition was brought. *Hilderbrand v. Anderson*, 270 S.W.2d 406, 412[10] (Mo.App.1954). An amended pleading, on the other hand, which requires proof of ultimate facts other than that necessary to sustain the original statement, will not save the action from the bar of limitations. *Laux v. Motor Carriers Council of St. Louis, Inc.*, 499 S.W.2d 805, 807[1–4] (Mo.1973). In effect, the judgment of dismissal determined that the original petition for wrongful death stated no cause of action to which the amendment— an action for damages for injury from which the death did not ensue—could relate.[2]

■ At common law a cause of action for wrongful death was not known, nor did an action for injury to the person survive the death of the person injured. *Plaza Express Company v. Galloway*, 280 S.W.2d 17, 21[3, 4] (Mo. banc 1955). Thus, it is by force of § 537.080 and § 537.020 that right of recovery arises and vests for the death and injury the widow-administratrix succes-

sively pleads. *Smith v. Preis*, 396 S.W.2d 636, 638[1] (Mo.1965). The terms of such a statute are substantive as to the law and require a strict conformance. *Cummins v. Kansas City Public Service Company*, 334 Mo. 672, 66 S.W.2d 920, 925 (banc 1933). The statement of claim must bring the pleader within the conditions the statute imposes for exercise of the remedy. *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237, 240[3–6] (Mo.App.1973). The petition for wrongful death was brought by the *widow and minor children* two years—less one day—after accrual of the cause of action. At the time of suit, the parents of the decedent survived. The terms of then § 537.080 vested the right of action to the widow and minor children for one year to lapse thereafter, for failure of exercise, to the survivor parents. The failure to bring the action strictly within the one year period of limitation terminated absolutely the statutory cause of action for the wrongful death to the widow and children. *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142, 145[2–8] (Mo. banc 1976).

The widow-administratrix acknowledges that the right of action for wrongful death lapsed by limitations, but contends that the intendments of the statement of the original petition—albeit brought in the status of widow—were sufficiently inclusive to stand as a cause of action for personal injury and not death. The widow-administratrix cites the allegations of symptoms of personal injury pleaded: severe chest pains, a deteriorated physical condition, pain and suffering, among them. Thus, she concluded that the amendment requires no more proof to sustain than the original petition and relates

*within one year* after such death . then by the father or mother . . ." [emphasis added]
At the time of death and when the original petition was brought, the decedent was survived also by his parents, Adolph and Florida Briggs. Sections 537.080 and 537.100 have since been repealed and reenacted [Laws 1979, S.B.No. 368, § 1] to provide that an action for wrongful death shall be commenced within three years after the accrual of the cause of action.

2. A cause of action for injury from medical malpractice which does not result in death must be brought "within two years from the date of occurrence of the act or neglect complained of." § 516.140, RSMo 1969. The administratrix attempted such a cause of action by the amended petition filed some three and one-half years after accrual of the right. That suit was also barred by limitations, therefore, unless the statement worked a valid amendment of the original petition.

back to that initial statement as a cause of action for personal injury. She contends also, that the first petition was brought in the status of widow rather than personal representative—to whom such a cause of action survives by § 537.020—does not impair the intendment of the original action because the widow and administratrix were in privity by beneficial and financial interest.

The tenor of the petition statement was an action for the wrongful death of Napoleon Briggs, and no other. The rubric of the pleading was a *Petition for Damages for Wrongful Death.* The averment of that pleading was: "That this action is brought under Missouri Revised Statutes Section 537.080(1), as hereinafter more fully appears." The statement of claim was by the widow and minor children of the decedent. The prayer of the petition was for damages for death. The allegations of bodily symptoms were averments of conditions the defendants neglected to diagnose and treat, which malpractice proximately caused "a shortened life expectancy and death." The original petition did not cite § 537.020 or, however permissively construed, allege that injury did not result in death.

■ In legal effect, the original petition failed to state a cause of action for wrongful death and was beyond the pale of the doctrine of relation back altogether. That statement was brought by a party [the widow] without capacity to sue at a time when the right to sue was spent. The authority to sue by then lapsed to the parents. The doctrine of relation back saves an original action from the bar of limitations only where the original plaintiff at the time had a legal right to sue, stated a cause of action and had status as a party to sue. *State ex rel. Jewish Hospital of St. Louis v. Buder,* 540 S.W.2d 100, 107[6] (Mo.App.1976). The neglect by the widow to sue within the year allowed by § 537.080 denied her any cause of action under that statute and rendered that petition without effect. *Goldschmidt v. Pevely Dairy Co.,* 341 Mo. 982, 111 S.W.2d 1, 3[1–4] (1937).

Nor is the identity of a party for suit determined as a matter of form only, but rather by legal effect. The widow and administratrix were the same person, but contrary to contention, the interest of each status was contradictory to the other. The action by the widow for wrongful death under § 537.080 represented an interest inconsistent with the action of the administratrix for damages for personal injury under § 537.020. The widow sues for the next of kin; the administratrix for benefit of the estate of the decedent. There is no privity between those interests. *Smith v. Preis,* supra, l. c. 641[4–8].

■ The intimation of the widow-administratrix that the liberal amendment practice of our civil procedure [and, presumably relation-back Rule 55.33(c)] aptly validates the successive petition to state a cause of action for injury to the person since deceased does not avail. The rules of civil procedure are not read apart from a special statute of limitations or the conditions of an enactment [§ 537.080] which qualify recovery. *Forehand v. Hall,* 355 S.W.2d 940, 946[10, 11] (Mo.); *State ex rel. Jewish Hospital of St. Louis v. Buder,* supra, l. c. 104[1–5]. The successive petition by the administratrix was without effect to amend the suit brought by the widow who then had neither cause of action nor capacity to sue. The action by the widow under § 537.080 was barred by limitations when brought as was the action by the administratrix under § 537.080. The causes of action were disparate and without relation to the other. The successive petition failed as an amendment and was properly dismissed.

The judgment is affirmed.

All concur.