**KOERPER & COMPANY, INC., Appellant,**

v.

**UNITEL INTERNATIONAL, INC., Respondent.**

No. 69311.

Supreme Court of Missouri, En Banc.

Nov. 17, 1987.

Michael D. Rudloff, St. Louis, for appellant.

William H. Curtis, Bruce E. Baty, Kansas City, for respondent.

DONNELLY, Judge.

This case was transferred here by the Western District of the Court of Appeals for resolution of a conflict between *Hawkins v. Hawkins*, 533 S.W.2d 634 (Mo.App. 1976) and *Link v. Ise*, 716 S.W.2d 805 (Mo. App.1986). Mo. Const. art. V, § 10.

The question is: When may an amended petition relate back to the filing of an original petition so as to save a plaintiff's cause of action from the bar of a statute of limitations?

In *Arpe v. Mesker Brothers Iron Company*, 323 Mo. 640, 648, 19 S.W.2d 668, 670 (1929) this Court said: "The general rule is that an amendment will not have such effect if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment; for such an amendment would constitute a departure."

The *Arpe* rule was followed in *Miller v. Werner*, 431 S.W.2d 116 (Mo.1968); *McDaniel v. Lovelace*, 439 S.W.2d 906 (Mo. 1969); and *Laux v. Motor Carriers Council of St. Louis, Inc.*, 499 S.W.2d 805 (Mo. 1973) (decided June 11, 1973). However, effective September 1, 1973, Rule 55.33(c) was promulgated, in part, as follows:

(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set

---

forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

In its report and recommendation to this Court, dated July 20, 1972, our Committee on Rules (The Coil Committee) noted that Rule 55.33(c) derives from Rule 15(c) of the Federal Rules of Civil Procedure: "There is not any equivalent present Missouri rule. It is designed to change the procedural law as declared in *Miller v. Werner*, 431 S.W. 2d 116 (Mo.1968) and *McDaniel v. Lovelace*, 439 S.W.2d 906 (Mo.1969)."

The following is an accurate statement of its rationale when this Court promulgated Rule 55.33(c) in 1973:

> The Rule is derived from Rule 15(c) of the Federal Rules of Civil Procedure. This Rule "re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." 3 Moore, Federal Practice, ¶ 15.02, p. 813 (2d Ed.1974). "Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford...." 3 Moore, supra, ¶ 15.15[3], at 1025....

*Hawkins v. Hawkins*, 533 S.W.2d at 638.

*Arpe* and its progeny, insofar as they conflict with this opinion, should no longer be followed. When an amended pleading arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," the amended pleading relates back.

Appellant brought suit in June 1979, alleging that respondent had misappropriated the name "Unitel." In November 1983, appellant dismissed its petition without prejudice. In November 1984, appellant filed a new petition. On April 8, 1985, respondent filed its Motion to Dismiss.

On January 6, 1986, the trial court sustained the Motion to Dismiss "for the reason that the current lawsuit was filed outside the applicable statutes of limitation."

The cause is reversed and remanded with directions to the trial court to set aside its order of January 6, 1986, and to reconsider and rule again on respondent's Motion to Dismiss in a manner not inconsistent with this opinion.

All concur.