**GRANDVIEW BANK & TRUST COMPANY, Appellant,**

v.

**STINSON, MAG & FIZZELL, et al., Respondents.**

**No. 69341.**

Supreme Court of Missouri,
En Banc,

Nov. 17, 1987.

Dennis L. Davis, Kansas City, for appellant.

James F. Duncan, Kansas City, Robert S. Allen, Mark T. Keaney, St. Louis, for respondents.

DONNELLY, Judge.

Appellant seeks to recover for losses resulting from purchase of bonds which went into default.

Appellant filed a Petition for Damages on February 25, 1985, in which breaches of warranties were alleged. Appellant filed a First Amended Petition on March 10, 1986, in which fraud and negligence were alleged. On June 13, 1986, the trial court sustained respondents' Motion for Summary Judgment on the ground "that an amended pleading that requires proof of ultimate facts other than that which would have been necessary to sustain the original Petition will not save the action from the bar of the statute of limitations."

The Western District of the Court of Appeals affirmed and the cause was certified to this Court by a dissenting judge. Mo. Const. art. V, § 10.

In *Koerper & Company, Inc. v. Unitel International, Inc.,* 739 S.W.2d 705 (Mo. banc 1987) (No. 69311, decided concurrently herewith), we held that when a claim asserted in an amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," the amended pleading relates back to the original pleading so as to save a plaintiff's cause of action from the bar of a statute of limitations. *See* Rule 55.33(c). The "same evidence" test articulated in *Arpe v. Mesker Brothers Iron Company,* 323 Mo. 640, 648, 19 S.W. 2d 668, 670 (1929) should no longer be followed.

The cause is reversed and remanded with directions to the trial court to set aside its order of June 13, 1986, and to reconsider and rule again on respondents' Motion for Summary Judgment in a manner not inconsistent with this opinion.

All concur.