Leonard KOENKE, Jr., Appellant,

v.

Donald ELDENBURG, M.D.,
Respondent.

No. 70124.

Supreme Court of Missouri,
En Banc.

July 26, 1988.

Mary Kary Sommer Lutz, James F. Crews, Tipton, for appellant.

Mark T. Kempton, Sedalia, for respondent.

DONNELLY, Judge.

This action was commenced by Leonard Koenke, Jr., to recover damages from Donald Eldenburg, a medical doctor.

The original petition was filed in March 1983. In it he asserted that Eldenburg examined a growth on the right heel of his wife, Dorothy Koenke, in 1978 and diagnosed and treated it as a plantar's wart; "that said diagnosis was wrong, in that she suffered from a condition known as malignant melanoma"; that created thereby was "an irreversible condition in Dorothy Koenke's health, * * * [which] ultimately caused her death * * *" in December 1981.

In May 1983, a first amended petition was filed. In Count I, "as Personal Representative of the Estate of Dorothy Koenke, deceased," Koenke sought "compensatory damages on behalf of said decedent as are fair and reasonable and for his costs herein expended." In Count II, "in his individual capacity," Koenke requested "judgment in his favor and against the defendant for compensatory damages as are fair and reasonable and for his costs herein expended." In neither count did he assert that the death of Dorothy Koenke was caused by Eldenburg.

In September 1986, Eldenburg filed a motion for summary judgment which the trial court sustained in January 1987.

Koenke appealed to the Western District of the Court of Appeals and it affirmed. On February 17, 1988, the cause was transferred here by this Court.

In *Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644, 647 (1947) this Court held that when, as is alleged here, "the wrong of malpractice to the wife results in her death the husband's suit and the object of his action is of necessity for and under the wrongful death statute and not for the personal wrong of malpractice * * * in the same manner that death resulting from any tortious act gives rise to a right of action for the wrongful death rather than for the personal tort."

Koenke asserted in his original petition that Eldenburg's failure "ultimately caused" the death of Dorothy Koenke. The teaching of *Baysinger* is that the origi-

nal petition was for wrongful death. *See* § 537.080, RSMo 1986.

It is conceded that an action for wrongful death must be commenced within three years after the cause of action shall accrue and that the original petition was timely filed. *See* § 537.100, RSMo 1986. The question on this appeal is: Did Koenke abandon the claim for wrongful death asserted in his original petition when his first amended petition sought only to recover for damages sustained while Dorothy Koenke was alive?

In *State ex rel. Fechtling v. Rose*, 239 Mo.App. 178, 189 S.W.2d 425, 428 (1945), the Court said:

> If the cause stated in the amended petition is the same as that stated in the original petition, then the amended petition relates back to the time when the suit was originally filed. If the cause stated in the amended petition is a different one from that stated in the original petition then the first cause stated was thereby abandoned and became of no consequence whatever.

Prior to 1973, it was held that an amended pleading does not relate back "if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment; for such an amendment would constitute a departure." *Arpe v. Mesker Brothers Iron Company*, 323 Mo. 640, 648, 19 S.W.2d 668, 670 (1929). *See Laux v. Motor Carriers Council of St. Louis, Inc.*, 499 S.W.2d 805 (Mo.1973).

However, effective September 1, 1973, Rule 55.33(c) was promulgated. It reads as follows:

> (c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him and serving him with notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The effect of the adoption of Rule 55.33(c) was abrogation of the "same evidence" and "theory of law" tests in favor of "the conduct, transaction, or occurrence" test. *See Koerper & Company, Inc. v. Unitel International Inc.*, 739 S.W.2d 705 (Mo. banc 1987); 3 Moore's Federal Practice § 15.15.

On August 13, 1986, Koenke sought leave to file his Second Amended Petition in order "to state a claim for the wrongful death of Dorothy Koenke * * *." In our view, this claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" and the motion for leave should have been sustained. Rule 55.33(c).

The judgment is reversed and the cause is remanded with directions that Koenke be permitted to file a Second Amended Petition asserting a claim for the wrongful death of Dorothy Koenke.

BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., and PREWITT, Special Judge, concur.

BILLINGS, C.J., not sitting.