**George IVEY, d/b/a Ivey Oil Company, Appellant,**

v.

**Tom WILLIAMS and Judy Williams, Respondents.**

**No. WD 40021.**

Missouri Court of Appeals, Western District.

Sept. 20, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 1, 1988.

Kenneth O. McCutcheon, Jr., Versailles, for appellant.

Michael L. McDorman, Versailles, for respondents.

Before KENNEDY, C.J., and CLARK and LOWENSTEIN, JJ.

KENNEDY, Chief Judge.

"George Ivey, d/b/a Ivey Oil", brought suit in the associate circuit court against Tom and Judy Williams on an account for merchandise, and perhaps services, furnished to them. Upon trial it was shown that the business known as "Ivey Oil" was owned and operated by a corporation named "George Ivey, Inc.", of which George Ivey was president. The associate circuit court judgment went for defendants. The statute of limitations had in the meantime (after the filing of the suit and before the associate circuit court trial) barred the claim.

Plaintiff applied to circuit court for trial de novo. He then filed a motion for leave to amend his petition in order to add George Ivey, Inc., a Missouri corporation, as a party plaintiff. This motion was granted. Upon trial de novo, however, the trial judge dismissed plaintiff's petition upon defendant's motion. The judge gave as her grounds "that we have totally substituted a party plaintiff, and while the same cause of action exists, there has been, the court believes, a total substitution of parties."

It is the propriety of this dismissal by the trial court which is the issue upon plaintiff's appeal.

Defendants Williams argue that section 512.280, RSMo (Supp.1988), prohibits the amendment to the petition which was made in this case. The statute says:

The same cause of action, and no other, that was tried before the associate circuit judge, shall be tried before the judge upon the trial de novo; provided, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be added in the trial de novo.

■ We have concluded that the "cause of action" was unchanged by the amendment which substituted George Ivey, Inc., the corporation, for George Ivey, the individual.

The case of *Hackett v. Van Frank*, 119 Mo.App. 648, 96 S.W. 247 (1906), dealt with the exact problem. There the Greenbrier Distillery Company was the actual creditor, but the business of selling liquors was carried on under the fictitious name of William M. Collins & Company. Individual plaintiffs Hackett and McGowan owned all the stock of Greenbrier Distillery Company. Suit was "inadvertently instituted" in the name of Hackett and McGowan. When the mistake was discovered, leave was sought to amend the petition "so as to make the suit stand in the name of the Greenbrier Distillery Company instead of the names of James M. Hackett and Graeme McGowan". *Hackett*, 96 S.W. at 249. The trial court's denial of this motion was determined on appeal to be erroneous and judgment for

the defendant was reversed. The court painstakingly collated the cases on the subject. The court could have been speaking of the present case when it concluded:

... in the present case, timely application was made as soon as the mistake in the parties plaintiff was discovered, due notice of an intention to ask leave to amend was given to the defendant before court convened, and, as the demand will be outlawed by limitation if this suit is abated, we deem it proper to reverse the judgment and remand the cause, with directions to the trial court to permit the Greenbrier Distilling Company to be made plaintiff, and the litigation to be continued in its name.

*Hackett*, 96 S.W. at 251.

Defendants say that *Hackett* is distinguishable from the present case in that it did not involve the application of section 512.280. They cite instead our early case of *Altheimer v. Teuscher*, 47 Mo.App. 284 (1891), which did deal specifically with the predecessor of section 512.280, and which would lead to a disallowance of the amendment in this case and an affirmance of the trial court's judgment of dismissal. The basic issue in *Hackett* and *Altheimer* is the same, however—namely, whether the amendment changes the cause of action. We think the *Hackett* conclusion is more nearly in accord with the modern liberal attitude toward amendments of pleadings and produces a more equitable result. *Hackett* was cited with approval in our own case of *Harvey, et al., v. Lambert*, 156 Mo.App. 268, 137 S.W. 644 (1911), which approved the substitution as plaintiffs of individuals composing a co-partnership for a corporation in whose names the action had mistakenly been brought. The substitution was made, as in the present case, in circuit court after an appeal from a justice court judgment. *Hackett* was cited with approval also in *Webster v. Joplin Water Works Company*, 352 Mo. 327, 177 S.W.2d 447, 453 (1944).

■ The allowance of the amendment of the petition for purposes of trial de novo is one thing, but the relation back of the amendment (to avoid the limitations bar) is something else. It is obvious that the latter is the ultimate problem in this case. The amendment of a pleading does not ipso facto relate back to the time of filing the original pleading.

■ The parties in their briefs have not focused upon the problem of relation back. We have concluded, however, that the amendment does relate back, so as to save this petition from the bar of limitations. *Hackett*, cited above, held that the substitution by amendment of one plaintiff for another related back "where attorneys inadvertently instituted the action in the name of a nonexistent partnership, the substituted corporate plaintiff, the real party in interest, having continued the retail business in the name of the partnership after the formation of the corporation." This digest of the *Hackett* decision is taken from *Webster v. Joplin Water Works Company*, 352 Mo. 327, 177 S.W.2d 447, 453 (1944). In *Webster*, 177 S.W.2d at 453, the Supreme Court extrapolated from *Hackett* and several other cases the rule that

... in extreme situations, accompanied by peculiar facts, the real party in interest may be substituted with like effect where the pleading discloses that the action in fact was being prosecuted in the interest of said substituted plaintiff; but such real party in interest may not be substituted as plaintiff to avoid limitations where the pleading shows that the original plaintiff was a stranger to and could have no interest in the cause of action and fails to show that the action was being prosecuted in the interest of said real party in interest.[1]

In *Webster*, 177 S.W.2d at 453, the trial court's denial of a plaintiff's motion to amend was affirmed on the ground "that there existed no community of interest ... in the subject matter of the cause of action

---

1. In wrongful death cases, a stricter rule prevails, evidently because "the remedy for wrongful death is a creature of statute and must be technically and strictly construed". *State ex rel. the Jewish Hospital of St. Louis v. Buder*, 540 S.W.2d 100, 108 (Mo.App.1976).

against defendant" between the original plaintiff and the plaintiff sought to be added, or substituted, as plaintiff.

The original plaintiff in our case, George Ivey, was not an "utter stranger", *see Russell v. Nelson*, 317 Mo. 148, 154, 295 S.W. 118, 122 (1927), to the claim against the defendants Tom and Judy Williams. There was a "community of interest" between himself and George Ivey, Inc., the plaintiff sought to be added or substituted, in the account which was the subject matter of the action. The proceeds of the account would go into the coffers of the business known as Ivey Oil; it would have been unlawful for George Ivey as an individual to appropriate them. The action was unmistakably being prosecuted in the interest of George Ivey, Inc., the real party in interest.

We conclude that the amendment was proper, and that the amendment related back to the time of filing the original petition.

Judgment reversed and cause remanded to the trial court for further proceedings.

All concur.