Joan INGHAM, the Guaranty Trust Co. of Missouri, Administrator and Personal Representative of the Estate of James Ingham, and Fifty–Two South Central Corporation, Plaintiffs–Appellants,

v.

R.W. BEAL & COMPANY, INC., Jones Mayer Architecture Inc., a/k/a Jones Mayer Inc., Defendants–Respondents,

and

Aladdin Insulation Company, Third party, Defendant–Respondent.

No. 56167.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied March 13, 1990.

Newman & Bronson, Marc S. Wallis, St. Louis, for plaintiffs-appellants.

Wuestling, James & DeVoto, Thomas C. DeVoto, St. Louis, for defendant-respondent, R.W. Beal & Co., Inc.

Peper, Martin, Jensen, Maichel and Hetlage, Richard J. Pautler and Charles E. Polk, Jr., St. Louis, for defendant-respondent Jones Mayer, Inc.

Kortenhof & Ely, John D. Warner, Jr. and Gary E. Wiseman, St. Louis, for defendant-respondent, Alladin Insulation Co.

KAROHL, Judge.

On February 18, 1986 James Ingham and Joan Ingham, husband and wife, filed a petition claiming damages against R.W. Beal & Company, Inc., as general contractor in the construction of a residence, and Jones Mayer Architecture Inc., as the design architects of the home. The petition alleged damages to the home which occurred on January 10, 1982 when water pipes placed in an outer wall froze and burst causing water damages to real estate and to personal property of the Inghams. Plaintiffs alleged Jones Mayer failed to design or specify sufficient insulation, and R.W. Beal & Company Inc. failed to install sufficient insulation to protect the pipes. James Ingham died in March of 1988. The Guaranty Trust Company of Missouri was substituted for James Ingham as the personal representative of his estate.

On June 6, 1988 R.W. Beal & Company Inc. filed a motion to dismiss on the ground that the Inghams were not and never were the record title owners of the real estate, rather, on May 1, 1979 the property was purchased in the name of Fifty–Two South Central Corporation. On September 28, 1988 the Inghams, by leave, amended the petition by interlineation and added Fifty–Two South Central Corporation as a party plaintiff. On January 3, 1989 the trial court sustained defendants' motion to dismiss the claim of Fifty–Two South Central Corporation because it was added as a party plaintiff more than five years after the casualty and its claim was barred by the appropriate statute of limitations, § 516.120 RSMo 1979.

Defendants then filed motions for partial summary judgment on the issue of damages to the real estate. Plaintiffs opposed the motion with affidavits which asserted: (1) the claim for real property damages was always prosecuted for Fifty–Two South Central Corporation; (2) the Inghams and The Guaranty Trust Company of Missouri were trustees of trusts created by the Inghams in 1975; (3) on February 16, 1979 Joan Ingham signed a contract to purchase the real estate from Steffens and wife; (4) Fifty–Two South Central Corporation was a wholly-owned and controlled corporation of The Guaranty Trust Company of Missouri and took legal title as grantee from Steffens and wife for the trustees of the trusts; (5) at all times the Inghams had exclusive rights to occupy the property and a right to direct the transfer of title from Fifty–Two South Central to themselves; and, (6) there existed a community of interest between Fifty–Two South Central and the original plaintiffs. The affidavits also presented an unrebutted fact that prior to suit an insurance company paid the Inghams for their real and personal property damages. However, the fact this is a subrogation claim is incidental.

The trial court determined the amended petition adding Fifty–Two South Central Corporation as a named plaintiff, did not relate back to the date of the filing of the petition and the Inghams were not real parties in interest. Based on this finding the court granted partial summary judg-

ment foreclosing the Inghams' claim to damages to the real estate. Thereafter, a settlement stipulation was filed on the Inghams' claim for personal property damages and that part of the claim dismissed by plaintiffs.

If the court erred in dismissing the petition of Fifty–Two South Central Corporation because its claim was filed more than five years after the casualty then the partial summary judgment on the claim of the Inghams was also erroneous. The question is: did the amended petition adding Fifty–Two South Central Corporation as a party plaintiff relate back to the filing of the original petition so as to save plaintiffs' cause of action from the bar of the statute of limitations? We find two recent decisions of the Missouri Supreme Court decisive and hold that the court erred in dismissing the petition of Fifty–Two South Central Corporation and subsequently granting partial summary judgment on the Inghams' claim for damages to real property.

In *Koerper & Company, Inc., v. Unitel International, Inc.,* 739 S.W.2d 705 (Mo. banc 1987) the Supreme Court decided relation back of amendments under Rule 55.-33(c) was properly applied. It held "[w]hen an amended pleading arises 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,' the amended pleading relates back." *Id.* at 706. In that case the court partially overruled a previous line of cases following its opinion in *Arpe v. Mesker Brothers Iron Company,* 323 Mo. 640, 19 S.W.2d 668, 670 (1929). In *Arpe,* a general rule was stated that an amendment will not relate back if proof necessary to support the pleading, as amended, is different from the proof necessary to support the same pleading before such amendment. The opinion in *Koerper* shifted the inquiry from difference of proof to same conduct, transaction or occurrence. To the same effect see, *Grandview Bank & Trust Company v. Stinson, Mag & Fizzell,* 739 S.W.2d 707 (Mo. banc 1987) decided together with *Koerper.*

The second controlling case is *Koenke, Jr. v. Eldenburg,* 753 S.W.2d 931 (Mo. banc 1988). In this case the court again emphasized a change in Rule 55.33(c), effective September 1, 1973. "The effect of the adoption of Rule 55.33(c) was abrogation of the 'same evidence' and 'theory of law' tests in favor of 'the conduct, transaction, or occurrence'" test. *Id.* at 932. The court in *Koenke* considered two petitions filed by a surviving spouse. It decided that the first petition was a claim for wrongful death and the amended petition, filed after the limitation period, was based upon the same failure to diagnose cancer. The amended petition claimed personal injuries of plaintiff's wife, while alive. The court concluded the first amended petition did not amount to an abandonment of the wrongful death claim so as to bar a second amended petition asserting a wrongful death claim.

The rationale for Rule 55.33(c) is set forth in *Koerper* at page 706:

> The Rule is derived from Rule 15(c) of the Federal Rules of Civil Procedure. This Rule 're-emphasizes and assists in attaining the objection of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits.' 3 Moore, Federal Practice, § 15.02, p. 813 (2d Ed.1974). 'Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford....' 3 Moore, supra, § 15.15[3], at 1025....

In the present case the original petition filed by the Inghams against R.W. Beal & Company, Inc., as contractor, and Jones Mayer, Inc., as design architect, constituted notification of a claim concerning a given transaction or occurrence. The affidavits presented to the trial court on behalf of the plaintiffs, and not opposed by defendants, in opposition to defendants' summary judgment motions were sufficient to support a finding that the petition filed by the Inghams and joined by Fifty–Two South Cen-

tral Corporation, were at all times on behalf of Fifty–Two South Central Corporation as a nominee for trustees of the Ingham trusts. During the relevant period after purchase of the real estate and at the time of the casualty the Inghams were co-trustees of their trusts and sole beneficiaries with exclusive rights to occupy the real estate and, on request, to have legal title.

Although *Koerper & Company* and *Koenke* related to late filing of the cause of action and not to a substitution of parties, the case of *Ivey v. Williams*, 760 S.W.2d 485 (Mo.App.1988) involved a substitution of a proper party plaintiff after the statute of limitations had expired. The court concluded that the amendment to add the correct plaintiff related back to the time the original petition was filed so as to save the petition from the bar of limitations. *Id.* at 487. The factual distinction between *Ivey* and the present case is not so substantial as to apply a different rule. In both cases substitution of the real party in interest and application of the doctrine are involved. The observation made in *Ivey* applies here:

> ... in extreme situations, accompanied by peculiar facts, the real party in interest may be substituted with like effect where the pleading discloses that the action in fact was being prosecuted in the interest of said substituted party; but such real party in interest may not be substituted as plaintiff to avoid limitations where the pleading shows that the original plaintiff was a stranger to and could have no interest in the cause of action and fails to show that the action was being prosecuted in the interest of said real party in interest.

The relationship of the Inghams to the real estate, as trustees, as beneficiaries, and exclusive occupants, satisfies the requirement that the Inghams, as original plaintiffs, were not strangers to the cause of action. On these facts the Inghams have the greatest interest in recovering damages resulting from failure to design and install sufficient insulation. Accordingly, we hold that the court erred in dismissing Fifty–Two South Central Corporation as a party plaintiff because of the bar of limitations. We also hold that with Fifty–Two South Central as a proper party plaintiff the court erred in granting partial summary judgment on the grounds of absence of real party in interest.

The cause is reversed and remanded with directions that the trial court set aside its order of January 3, 1989 dismissing the petition of Fifty–Two South Central Corporation and the partial summary judgment in favor of defendants granted on January 13, 1989 and for further proceedings consistent with this opinion.

PUDLOWSKI, P.J., and CRANDALL, J., concur.