Cole Evert WELLS, Sr., Appellant,

v.

Carnie C. NULTON, M.D., Defendant,

Anesthesia Associates of Kansas City, Inc., Respondent,

Ferenc Bankuti, M.D., Respondent.

No. WD 49723.

Missouri Court of Appeals, Western District.

March 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1995.

Application to Transfer Denied June 20, 1995.

David Greis, William H. Pickett, Kansas City, for appellant.

Jayson Ford, Kansas City, for respondent Anesthesia Associates of KC, Inc.

Gregory P. Forney, Kansas City, for defendant Ferenc Bankuti.

Before KENNEDY, P.J., and LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

The plaintiff appeals the trial court's dismissal of his personal injury suit. The trial court held that plaintiff's claims against two of the defendants named in his petition were barred by the statute of limitations. The issue on appeal is whether plaintiff's first amended petition relates back to the original petition so as to avoid the bar of the two-year statute of limitations.

From May 1991 through June 1991, the plaintiff pleaded that he received health care services from several different providers at Research Medical Center. On May 17, 1993, plaintiff filed suit alleging medical malpractice against six defendants: Dr. Carnie Nulton, Kansas City Internal Medicine, M.D.'s, P.C. (KCIM), Research Medical Center (Research), Dr. Douglas Hagen, Anesthesia As-

sociates of Kansas City, Inc. (Anesthesia Associates), and Dr. Ferenc Bankuti.

Three of the defendants, Dr. Nulton, KCIM and Research, filed answers to the petition. The other three, Dr. Hagen, Anesthesia Associates and Dr. Bankuti, filed motions to dismiss for failure to state a claim upon which relief could be granted. On July 22, 1993, the plaintiff filed a First Amended Petition. Thereafter, the motions to dismiss were overruled as moot.

In August 1993, the three defendants filed motions to dismiss the first amended petition, arguing that since the petition did not relate back to the filing of the original petition, the claims were barred by the statute of limitations. The trial court overruled the motion as to Dr. Hagen, but sustained the motions as to Anesthesia Associates and Dr. Bankuti. The court made its order of dismissal final and appealable pursuant to Rule 74.01(b). Only the two defendants who were dismissed from the suit, Anesthesia Associates and Dr. Bankuti, are involved in plaintiff's appeal.

As this is a medical malpractice case, the applicable statute of limitations is contained in § 516.105, RSMo 1986, which states that such a claim must be brought within two years of the occurrence of the negligent acts. The parties agree on two things: (1) that the first amended petition states a cause of action against the defendants; and (2) that the first amended petition was filed after the expiration of the statute of limitations.

The plaintiff admits that the original petition filed in this case was "not a model of petition draftsmanship." Among other things, the petition did not contain specific allegations of the injuries suffered by the plaintiff or a prayer for relief. The plaintiff argues, citing *Koerper & Co. v. Unitel Int'l, Inc.*, 739 S.W.2d 705 (Mo. banc 1987), that the amended petition relates back because the allegations against both Dr. Bankuti and Anesthesia Associates contained in the first amended petition arose out of the same "conduct, transaction or occurrence" as those contained in the original petition—namely, the negligent provision of health care services between May 15, 1991, and June 7, 1991.

In response, the defendants assert two slightly different arguments. Defendant Anesthesia Associates argues that there was nothing to relate back to because the original pleading was not a "petition" which satisfied the requirements of Rule 55.05. Defendant Dr. Bankuti argues that because the original petition failed to state a claim against him, there was nothing to which the amended petition could relate back.

The doctrine of relation back had its roots in the common law. In *Arpe v. Mesker Bros. Iron Co.*, 323 Mo. 640, 19 S.W.2d 668 (1929), the Missouri Supreme Court held:

> The general rule is that an amendment will not [relate back] if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment. . . .

*Id.* at 670. For decades, this was the rule used to determine whether an amended petition would be permitted to relate back to the original filing date.

Effective September 1, 1973, the Supreme Court promulgated Rule 55.33(c), which states in relevant part:

> **(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Following the enactment of the rule, a split developed between the Eastern District and Western District appellate courts concerning the applicable relation back rule.

The Eastern District line of cases is illustrated by the court's holding in *Hawkins v. Hawkins*, 533 S.W.2d 634 (Mo.App.1976). In *Hawkins*, the plaintiff alleged that he performed services for the defendant in the defendant's store and that he was entitled to a manager's bonus for his services. *Id.* at 638. Following the expiration of the statute of limitations, the plaintiff amended his petition to state a cause of action based on breach of an employment contract. The court, noting that Rule 55.33(c) was modeled after Federal Rule of Civil Procedure 15(c),

held that Rule 55.33(c) was specifically designed to change Missouri law on relation back. The court stated that the petition, although unartfully drawn, "gave sufficient notice of the situation involved between the parties and gave sufficient notice of the general transaction between the parties." *Id.* Because the amended petition arose out of the conduct or transaction set forth or attempted to be set forth in the original petition, it related back to the filing of the original petition. *Id.*

The Western District line of cases is exemplified by *Link v. Ise*, 716 S.W.2d 805 (Mo. App.1986). In that case, the plaintiff filed a petition against a number of physicians alleging medical malpractice. The original petition contained only general allegations of negligence. After the expiration of the two-year statute of limitations, plaintiff amended her petition to include specific allegations of negligence against the doctors. This court rejected the reasoning of *Hawkins*, based primarily on the rationale that "Missouri adheres to a concept of fact pleading and notice of a claim is not sufficient to state a cause of action under Missouri law." *Id.* at 809. The court continued to follow the pre–1973 "same evidence" rule, which states, "An amended pleading which requires proof of ultimate facts other than that which would have been necessary to sustain the original petition will not save the action from the bar of the statute of limitations." *Id.*

The Missouri Supreme Court, in *Koerper*, agreed with the Eastern District that Rule 55.33(c) was designed to change the procedural law of Missouri. The court stated:

> The following is an accurate statement of its rationale when this Court promulgated Rule 55.33(c) in 1973:
>
> > The Rule is derived from Rule 15(c) of the Federal Rules of Civil Procedure. This Rule "re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." 3 Moore, Federal Practice ¶ 15.02, p. 813 (2d Ed.1974). "Rule 15(c) is

based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford...." 3 Moore, supra, ¶ 15.15[3], at 1025....

*Koerper,* 739 S.W.2d at 706 (*quoting Hawkins,* 533 S.W.2d at 638). The court adopted the *Hawkins* interpretation of Rule 55.33(c), and directed that the same evidence rule as stated in *Arpe* and its progeny should no longer be followed. *Id.* The rule, interpreted in this way, "allows a much broader group of amendments to relate back than does a rule which requires the amendment to be based on the same cause of action." *Link,* 716 S.W.2d at 808. *Koerper* abrogated the "same evidence" and "theory of law" tests in favor of "the conduct, transaction, or occurrence" test. *Koenke v. Eldenburg,* 753 S.W.2d 931, 932 (Mo. banc 1988). With these principles behind *Koerper* in mind, we now examine the pleadings filed by the plaintiff.

■ The plaintiff claims that, pursuant to *Koerper,* since the allegations raised in the amended petition against both Anesthesia Associates and Dr. Bankuti arose out of the same conduct, transaction or occurrence as those contained in the original petition, the amended petition relates back to the filing of the original petition so as to avoid the statute of limitations problem. Anesthesia Associates responds by arguing that since the first pleading was not a "petition," there was nothing to which the amended petition could relate back. Rule 55.05 states that a pleading that sets forth a claim for relief "shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." Anesthesia Associates maintains that because neither of these requirements has been met, relation back cannot apply.

■ Anesthesia Associates claims that the original petition filed by the plaintiff did not allege any facts which would give rise to liability on the part of Anesthesia Associates. In determining the adequacy of a petition, we treat the facts averred as true and construe all allegations liberally and favorably to the plaintiff. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). We review the petition keeping in mind that the Supreme Court has declared that "a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." *Koerper,* 739 S.W.2d at 706.

Anesthesia Associates' involvement in this lawsuit is dependant solely upon its employment relationship with Dr. Hagen. The question is whether the original petition set forth that relationship sufficiently so as to invoke the doctrine of *respondeat superior,* which is the allegation contained in the amended petition. The original petition named Anesthesia Associates as a defendant and stated that Anesthesia Associates was the employer of Dr. Douglas W. Hagen, M.D. The petition further went on to allege seven specific acts of negligence committed by Dr. Hagen.[1] The petition did not contain any allegations of direct negligence on the part of Anesthesia Associates, nevertheless, it designated Anesthesia Associates as the employer of Dr. Hagen. It also alleged that the plaintiff had sought medical care and treatment from Anesthesia Associates for back pain and that plaintiff employed Dr. Hagen and Anesthesia Associates, albeit, unknowingly. This pleading is clear that Anesthesia Associates' involvement was as Dr. Hagen's employer, and it was vicariously liable for Dr. Hagen's alleged negligence under a theory of *respondeat superior.* In spite of the original pleading's failure to specifically state that Anesthesia Associates' liability arose from its relationship as an employer, the petition stated sufficient facts to give Anesthesia Associates notice of the nature of plaintiff's claim against it.

Anesthesia Associates also claims that the original pleading was not a petition because it did not contain a demand for judgment. Again, the concept of relation back is based on reasonable notice to the defendant of the misconduct he is alleged to have committed.

---

1. At the same time the trial court dismissed plaintiff's claims against Anesthesia Associates and Dr. Bankuti, it overruled Dr. Hagen's motion to dismiss.

In light of the fact that a petition which seeks damages arising from a tort may not contain a request for a particular amount but rather must ask for such damages as are fair and reasonable, Rule 55.19, Anesthesia Associates cannot claim that the omission of the prayer for relief deprived it of notice of the allegations being made. The original pleading was a petition, in spite of its omissions.

We find that the allegations against Anesthesia Associates contained in the first amended petition arose out of the same conduct, transaction or occurrence as those set forth or attempted to be set forth in the original petition. The first amended petition, therefore, relates back to the filing date of the original petition which was before the expiration of the statute of limitations.

■ With respect to Dr. Bankuti, the plaintiff makes the identical argument as to why the amended petition related back. He maintains that the allegations in the amended petition arose out of the same conduct, transaction or occurrence as those contained in the original petition. Dr. Bankuti responds by arguing that since the original petition did not state a cause of action against him, "it was a nullity to which the amended pleading could not relate back." To support this proposition, Dr. Bankuti has cited *Briggs v. Cohen,* 603 S.W.2d 20 (Mo. App.1980), which contains the following test:

> The doctrine of relation back saves an original action from the bar of limitations only where the original plaintiff at the time had a legal right to sue, stated a cause of action and had status as a party to sue.

*Id.* at 23. However, *Briggs* was decided by the Western District. As we have already discussed, the Missouri Supreme Court in *Koerper* specifically overruled the Western District line of cases and opted for a more liberal treatment of the doctrine of relation back. *Koerper,* 739 S.W.2d at 706; *Koenke,* 753 S.W.2d at 932.

■ As stated in *Koerper* and in Rule 55.32, an amended pleading will relate back if the allegations made in that pleading arose out of the same conduct, transaction or occurrence as the claim set out, or attempted to be set out, in the original pleading. The phrase "or attempted to be set out" signifies that the plaintiff must have provided enough facts to give the defendant sufficient notice of the conduct, transaction or occurrence which has given rise to the cause of action.

There were three medical doctors named in the original petition: Drs. Nulton, Hagen and Bankuti. Five specific acts of negligence were alleged against Dr. Nulton and seven specific acts of negligence alleged against Dr. Hagen. There are no allegations of negligence or any description of conduct, transaction or occurrence made as to Dr. Bankuti. In the original petition, defendant Bankuti is identified as a physician. The plaintiff stated that between May 10, 1991 and June 7, 1991, he sought medical care and treatment from Dr. Bankuti for back pain. He claimed that he unknowingly employed Dr. Bankuti.

In its order dismissing the plaintiff's claim against Dr. Bankuti, the trial court stated, "Plaintiff failed to allege any facts against [Dr. Bankuti] in the original petition to establish a conduct, transaction or occurrence that would enable plaintiff's amended petition to relate back." The plaintiff contends that an allegation of negligence by Dr. Bankuti can be inferred from the following paragraph contained in the original petition:

> 13. That as a direct and proximate result of said joint and several negligence [of] defendant Carnie C. Nulton, M.D., with the other defendants, plaintiff Cole Evert Wells, Sr., has been injured as more specifically set forth below.

However, this paragraph is not an allegation of negligence; rather, it only addresses the causation and injury elements.

Without any allegation of wrongdoing charged against Dr. Bankuti, the original petition did not provide sufficient facts to establish a conduct, transaction or occurrence so as to give Dr. Bankuti notice of the nature of the plaintiff's claim against him. Therefore, the claims against Dr. Bankuti contained in the first amended petition did not relate back to the original filing, and the plaintiff's claim against Dr. Bankuti was barred by the statute of limitations.

The judgment of dismissal as to Anesthesia Associates is reversed and remanded for

further proceedings. The judgment of dismissal as to Dr. Bankuti is affirmed.

All concur.